UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at PIKEVILLE)

JULIUS T. MOORE,

      Petitioner,

v.

WARDEN AT USP – BIG SANDY,

      Respondent.

Civil Action No. 7:22-CV-109-CHB

**<u>MEMORANDUM OPINION
AND ORDER</u>**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Julius T. Moore filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. The Respondent then filed a response to Moore's petition [R. 8], and Moore filed a reply brief [R. 15]. Thus, this matter is ripe for a decision. For the reasons set forth below, the Court will deny Moore's petition.

In 2019, a federal grand jury indicted Moore in the United States District Court for the Northern District of Indiana, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *See United States v. Moore*, No. 1:19-cr-00084-HAB-SLC-1 (N.D. Ind. 2019). According to the Respondent, Moore was received into exclusive federal custody on January 19, 2020. [R. 8 at 3 (citing R. 8-1 at 3)]. Moore eventually pled guilty, and, on October 21, 2020, the trial court sentenced him to 70 months in prison. *See Moore*, R. 64. Moore does not appear to dispute these facts.

That said, Moore is seeking habeas relief via § 2241, and he claims that the Federal Bureau of Prisons (BOP) is improperly calculating his release date. [*See* R. 1]. Specifically, Moore suggests that he should receive credit against his federal sentence for certain time he spent in

custody before his federal sentence was imposed.  [*See id.*].  Thus, Moore asks this Court to grant him relief.  [*See id.*].

 Moore's petition, however, is unavailing because he has not established that the BOP erred in calculating his sentence.  The calculation of a federal prisoner's sentence is determined by 18 U.S.C. § 3585, and subsection (b) makes it clear that a defendant shall only receive prior custody credit if the applicable time period "has not been credited against another sentence."  Here, the U.S. Attorney's Office for the Eastern District of Kentucky, on behalf of the Respondent and the BOP, has analyzed the relevant time period Moore was apparently in custody before his federal sentence commenced—i.e., from August 16, 2019 – October 20, 2020.  [*See* R. 8].  The U.S. Attorney's Office has demonstrated that the BOP *did* give Moore credit against his federal sentence for the time he spent in custody from August 16, 2019 – August 19, 2019, and from January 20, 2020 – October 20, 2020.  [*See id.* at 3 (citing R. 8-1 at 3)].  The BOP, however, did *not* give Moore credit against his federal sentence for the time he spent in custody from August 20, 2019 – January 19, 2020, because that time period was credited against a sentence he received in a criminal case in Indiana state court.  [*See* R. 8-1 at 7-8].  These calculations are consistent with § 3585(b), and Moore has not established that the BOP otherwise erred in setting his release date.  Therefore, Moore is not entitled to habeas relief.

 Accordingly, the Court **ORDERS** that:

1. Moore's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This the 14th day of March, 2023.

*Claria Horn Boom*

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY